IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHARLES A. HOUSER**,

        Plaintiff,

v.

**KATHLEEN MCGETTIGAN,**
**Acting Director of the Office of Personnel Management,**

        Defendant.

CIVIL ACTION NO.: 3:17-CV-74 (GROH)

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is Charles A. Houser's ("Plaintiff") *pro se* Motion [ECF No. 2] for Leave to Proceed *in forma pauperis*.[1] Because Plaintiff seeks to proceed without prepaying fees, the undersigned must conduct a preliminary review to determine whether Plaintiff's *pro se* Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Here, Plaintiff's complaint challenges how the Office of Personnel Management calculated his retirement benefits. Compl., ECF No. 1 at 1. Because the undersigned concludes that this Court lacks subject matter jurisdiction to review this claim, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice and that Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

---

[1] This motion was referred to the undersigned by order dated September 25, 2017. Order of Referral, ECF No. 8.

## II. BACKGROUND

### A. The Facts

Plaintiff served as a U.S. Customs and Border Protection Officer for twelve years and retired because of a disability on June 6, 2012. ECF No. 1-4. On approximately February 10, 2017, Plaintiff received correspondence from the U.S. Office of Personnel Management (OPM) informing him that his disability annuity would be adjusted when he turned sixty-two years old.[2] ECF No.1 at 1; see also ECF Nos. 1-2, 1-3. Because Plaintiff believes OPM calculated his reduced disability annuity in error, Plaintiff made several attempts to contact OPM regarding the same. See, e.g., ECF No. 1-4. To date, Plaintiff has not received a response to his inquiries. ECF No. 1 at 1.

### B. The Complaint

On June 21, 2017, Plaintiff filed his *pro se* complaint alleging that OPM engaged in willful breach of contract, malfeasance, and official misconduct. ECF No. 1 at 1. Although Plaintiff cites 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), Plaintiff's complaint, in substance, challenges OPM's ostensibly erroneous computation of Plaintiff's reduced disability annuity. ECF No. 1 at 1. In support of this argument, Plaintiff directs the Court's attention to Public Law 110-161 and requests $3 million in monetary damages. Id.

The undersigned addresses the merits of Plaintiff's complaint below.

---

[2] Plaintiff was born on February 11, 1955. ECF No. 1 at 1.

### III.     DISCUSSION

#### A. Legal Standard

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke, 490 U.S. at 325. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 32 (1992). A case is often dismissed sua sponte (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing *pro se* complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

#### B. The Court Lacks Subject Matter Jurisdiction

Plaintiff alleges that OPM erroneously calculated his reduced disability annuity. ECF No. 1 at 1.

Generally, "[r]etirement benefits for federal employees . . . are determined pursuant to either the Civil Service Retirement System (CSRS), 5 U.S.C. §§ 8331– 8351, or the Federal Employees' Retirement System (FERS), 5 U.S.C. §§ 8401– 8479." Lisanti v. United States, No. No. 96 C 0395, 1998 WL 111574, at *1 (N.D. Ill.

Mar. 10, 1998) (footnote omitted). "Both the CSRS and FERS create a three-part review process for resolving claims relating to retirement benefits." Id. at *3 (citing Ayrault v. Pena, 60 F.3d 346, 348 (7th Cir. 1995)). "First, Congress has designated the OPM to administer the CSRS and FERS, and to adjudicate all claims arising under the retirement system." Id. (emphasis added) (citing 5 U.S.C. § 8347(a)–(b) (CSRS); 5 U.S.C. § 8461(b)–(c) (FERS)). "Second, Congress has directed that OPM's administrative actions and orders that affect 'the rights or interests of an individual,' may be appealed to the [U.S. Merit Systems Protection Board (MSPB)]." Id. (citing 5 U.S.C. § 8347(d)(1) (CSRS); 5 U.S.C. § 8461(e)(1) (FERS)). Third, except in limited circumstances, "an employee aggrieved by a final order or decision of the MSPB can file a petition for review in the [U.S. Court of Appeals for the] Federal Circuit, which has exclusive jurisdiction over such appeals." Id. (citing 5 U.S.C. § 7703(b)(1); 28 U.S.C. § 1295(a)(9)).

  Here, Plaintiff has plainly not exhausted his administrative remedies. The CSRS and FERS make clear "that OPM 'shall adjudicate all claims' relating to civil service retirement, including annuity benefits." Wigton v. Berry, 949 F. Supp. 2d 616, 624 (W.D. Pa. 2013) (emphasis added) (quoting 5 U.S.C. § 8347(b) (CSRS)); see also 5 U.S.C. § 8461(c) (FERS) ("The Office shall adjudicate all claims under the provisions of this chapter administered by the Office."). Here, Plaintiff has done nothing more than send OPM several letters challenging its calculation. See, e.g., ECF No. 1-4. Because Plaintiff's claims are subject to the CSRS and FERS review scheme and said claims "may and must be considered through that process alone," this Court lacks

subject matter jurisdiction to adjudicate Plaintiff's claims. Wigton, 949 F. Supp. 2d at 625 (concluding same).

## VI.     RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject matter jurisdiction and dismissal is warranted pursuant to the Federal Rule of Civil Procedure 12(h)(3). Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion [ECF No. 2] for Leave to Proceed *In Forma Pauperis* [ECF No. 2] be **DENIED** as moot.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff Charles A. Houser may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 19th day of October, 2017.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE